Mr. Justice Walker delivered the opinion of the court. The petitioner contends that, having elected to bring suit in the Pulaski circuit court, he has a right under the constitution to insist upon a trial there, and the legislative act providing for removing his suit to the circuit court of some other county is unconstitutional. The case of Dillard vs. Noel, is cited in support of this position. The constitution secures to the citizen, whose cause of action comes within the constitutional jurisdiction of the circuit court, the right of trial in such court; and we understand the case of Dillard vs. Noel as deciding that the plaintiff may, in the exercise of this right, sue in the circuit court of any county he may choose, and that legislative restriction in this selection is unconstitutional. But in the same case it is also said that where the court once acquires jurisdiction it may exercise it, irrespective of the residence of the parties. The petitioner contends, however, that inasmuch as the plaintiff has a right to select the county in which he may sue, it follows as incident to that selection that he has a right to insist on a trial there. However plausible this may appear, we think that no such right necessarily results from the right to sue in any of the circuit courts of the State. The first right appertains to jurisdiction; the second is intimately connected with the practice of the court after jurisdiction has been acquired. So soon as the plaintiff submitted his case to the court, it became subject to the rules of practice prescribed for such court, whether by legislative enactment or otherwise; and if one of these be that, under particular circumstances connected with the due administration of the law, the case should be heard in the circuit court of another county, we are not prepared to say that the constitutional rights of the citizen are thereby impaired. The intention of the constitutional provision was to secure a trial in a circuit court in view of its enlarged capacities to decide upon matters of greater moment and interest to the citizen. These powers are the same in all the circuit courts and although they are held in different counties, the trial, so far as the constitutional right of trial is concerned, is the same in any circuit court. The case of Dillard vs. Noel affirms to the citizen the right of judicial cognizance in any circuit court. We will not disturb that decision thus limited, but deny that it should be extended to the action of the court, after it has acquired such jurisdiction. To deny the legislative authority to regulate the practice of the court, even so far as to change the venue or place of trial when necessary, would be in effect extending the constitutional rights of the citizen beyond what, we apprehend, was contemplated by its framers. The act in this case is, in spirit and intent, like all the other acts in regard to the change of venue, designed to facilitate and secure a fair and impartial trial with due regard to the convenience of the parties, and does not conflict with the constitution. The action of the circuit court under it, was therefore correct. The application must be denied.